CONTINENTAL CASUALTY COMPANY, Appellant,

v.

The UNITED STATES of America, for the Use and Benefit of CONROE CREOSOTING COMPANY, a Corporation, and Conroe Creosoting Company, a Corporation, Individually, et al., Appellees.

No. 19269.

United States Court of Appeals Fifth Circuit.

Oct. 10, 1962.

Rehearing Denied Nov. 8, 1962.

W. B. Handley, Dallas, John O. Mac-Ayeal, Francis C. Broaddus, Jr., and Mayfield, Broaddus, Goodman & Mac-Ayeal, El Paso, Tex., for appellant.

Robert S. Pine, James E. Hammond, Harold L. Sims, and Collins, Langford &

Pine, El Paso, Tex., for appellee Conroe Creosoting Co.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

DeVANE, District Judge.

This action is the outgrowth of a contract between the Government and Hal Hayes Texas, Inc., dated April 19, 1959, for the construction of a 410 unit Capehart Housing Project at Fort Bliss, Texas. Hal Hayes Texas, Inc., and Continental Casualty Company executed performance and payment bonds on the project.

On May 7, 1959, Hal Hayes Texas, Inc., notified the Government through its Resident Engineer on the project that among others Mojave Electric Company and Triangle Electric Supply Company were subcontractors of Hal Hayes Texas, Inc. On May 28, 1959, Mojave Electric Company placed an order with appellee Conroe Creosoting Company for creosoted utility poles, the last of which were shipped on June 13, 1959. The Court found and adjudged the balance due under this contract in the sum of $3,736.19 was never paid by Mojave Electric Company or by Hal Hayes Texas, Inc., and judgment was entered against these companies for this amount plus interest, attorney's fees and costs.

In the case of Triangle Electric Supply Company the Court determined, found and held that $4,261.99 was due and owing Triangle Electric Company by Hal Hayes Texas, Inc., and judgment was entered against Hal Hayes Texas, Inc., in that amount, plus interest, attorney's fees and costs.

The question we have before us is whether Continental Casualty Company is liable to these appellees for the amount of their judgments. The Continental Casualty Company vigorously contests its liability on several grounds, which will now be considered.

The first two grounds relied upon relate only to the judgment in favor of

Conroe Creosoting Company and they will be considered together.

■ The record in the case shows that on April 15, 1959, Hal Hayes Texas, Inc., sub-let certain phases of the work called for under the prime contract to three different contractors. These contractors were Winn Contractors, Inc., Tri-Builders, Inc., and Sulta, Inc. All these contractors were subsidiaries of Hal Hayes Texas, Inc. The only subcontract involved in this case is the subcontract between Hal Hayes Texas, Inc., and Winn Contractors, Inc., and this alleged contract, as stated above, affects only Conroe Creosoting Company. The claimed error advanced by appellant under this ground is that Conroe Creosoting Company, being a sub-subcontractor to a subcontractor, was under the terms of the bond too far removed from the original contractor to enjoy any privileges or protection under the bond.

The record in the case shows that on October 19, 1959, Hal Hayes Texas, Inc., notified the Government through its Resident Engineer that Winn Contractors, Inc., was a subcontractor of Hal Hayes Texas, Inc., on the project. This was some time subsequent to the time that Conroe Creosoting Company had completely fulfilled its contract with Mojave Electric Company and there is nothing in the record to establish the fact that Winn Contractors, Inc., was ever known as a subcontractor on this project prior to the notification of October 19, 1959, that it did occupy such a position. The record further indicates that at the time Hal Hayes Texas, Inc., (April 15, 1959) entered into its contract with Winn Contractors, Inc., that Winn also entered into a subcontract with Mojave Electric Company, which included the work done by Conroe Creosoting Company.

The contract between Hal Hayes Texas, Inc., and Winn Contractors, Inc., was filed as an exhibit in the case, but the contract, if one existed, between Winn Contractors, Inc., and Mojave Electric Company was never made a part of the record in the case. The evidence in the case also clearly points to the fact that Winn Contrac-

tors, Inc., in no way participated in the fulfillment of the alleged contract Hal Hayes Texas, Inc., claims it had with Mojave Electric Company. On this record it is our opinion the Court committed no error in denying appellant's motion for a judgment in its favor on this ground.

■ Having denied appellant's motion for a judgment in its favor, the Court submitted to the jury the question as to whether the use by Hal Hayes Texas, Inc., of Winn Contractors, Inc., was a sham or device or subterfuge and mere tool of Hal Hayes Texas, Inc., as applied to the Capehart Housing Project contract. The jury found in favor of appellee on this issue.

Continental Casualty Company vigorously contends that this action on the part of the Court was erroneous for the reason Winn Contractors, Inc., was a bona fide subsidiary of Hal Hayes Texas, Inc., and what the Court did was to permit the jury to pierce the corporate structure of Winn Contractors, Inc., which is not permitted under Texas law. So far as the record in this case is concerned, we have nothing more than a shadow of Winn Contractors, Inc., and the verdict of the jury was not based upon the validity of the corporate structure of Winn Contractors, Inc., but rather was based upon the fact whether the corporation was used as a sham, a subterfuge and a tool by Hal Hayes Texas, Inc., for its own benefit and protection. We hold the Court committed no error in submitting this issue to the jury.

The remaining assignments of error relate to the judgment in favor of each appellee.

■ The third assignment of error urged by appellant against each appellee is that the Court erred in admitting into evidence certain questions and answers from written interrogatories and written answers filed in Case No. 2030 styled: "In the United States District Court for the Western District of Texas, El Paso Division, United States of America for the use and benefit of C. L. Castor Con-

struction Company, Inc. v. Hal Hayes Texas, Inc., Continental Casualty Company and C. O. Brand, et al." This was a suit involving the same prime contract and the same surety involved in this case and the answers complained about are answers made by representatives of Hal Hayes Texas, Inc., to interrogatories touching the same issues as are involved in this case. Clearly, there was no error in admitting these interrogatories and answers on the basis of admissions against interest. They were limited by the Court to questions and answers regarding the corporate structure of Hal Hayes Texas, Inc., and the subsidiary of that company involved in this case among others.

The law on this matter is too well settled to call for any lengthy discussion thereof. See 14 A.L.R., pp. 33 and 56.

The fourth and last assignment of error is that the Court erred in granting judgment to appellees for attorney's fees against appellant. The parties are in agreement that this question is controlled by Texas law.

 Appellant cites F. & C. Engineering Company, Inc. v. Moore, Tex.Civ. App., 300 S.W.2d 323, in support of its contention that it is not liable for attorney's fees under the terms of its payment bond. In that case the bond limited the surety's liability only for labor, material and equipment. The bond in this case goes beyond that. Subparagraph 2 of Paragraph 4 provides that the surety shall be liable for such sum or sums as may be justly due claimant. The decision of the District Court as to the right of these appellees to recover attorney's fees was based upon this provision of the bond and we agree with the decision of the District Judge that appellant is liable to each appellee for a reasonable attorney's fee.

Having determined the question of liability, the Court in this case submitted to the jury the amount of attorney's fees that should be allowed each appellee. No attack is made upon the amount, appellant merely claiming that the Court erred in allowing the recovery of any attorney's fees in this case. As stated above, we agree with the decision of the District Judge that appellant is liable to appellees for a reasonable attorney's fee and the amount allowed by the District Judge is approved.

We have limited our decision of each of the points raised by appellant in this case for the reason the record in the case is so completely devoid of any evidence that would permit any different holdings on the issues before us we fail to see the necessity of laboring the points beyond stating briefly our reasons for affirming the action of the District Court.

The judgments of the District Court are

Affirmed.